UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

OSCAR PEREZ-MARQUEZ,

    Petitioner,

vs.

JO GENTRY, *et al.*,

    Respondents.

2:17-cv-01718-JCM-PAL

**ORDER**

Notwithstanding this court's dismissal of this case, petitioner, a Nevada prisoner, has filed motions for a temporary restraining order and a preliminary injunction. ECF Nos. 4/5. With those motions, he asks this court to enter an order forthwith directing respondents to show cause why they should not be ordered to correct an allegedly erroneous calculation of his statutory time credits.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). It is appropriately used to preserve a party's rights pending resolution of the merits of his claim. *Big Country Foods, Inc. v. Board of Educ. of Anchorage School Dist., Anchorage, Alaska*, 868 F.2d 1085, 1087 (9th Cir. 1989). The grant or denial of a motion for a preliminary injunction is a matter of the district court's discretion. *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 174 (9th Cir. 1987). "Granting a motion for preliminary injunction is appropriate when the plaintiff demonstrates either (1) probable success on the merits and the possibility of irreparable harm, or that serious questions exist regarding the merits and the balance of hardships tips sharply in plaintiff's favor." *Southwest Voter Registration*

*Education Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (en banc). "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions . . . serious enough to require litigation. No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Internat'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal quotation marks and citations omitted).

Here, petitioner has not made the required showing. As an initial matter, it appears that petitioner has not pursued his claim in the state courts through to a decision on the merits by the state supreme court. A state prisoner seeking habeas corpus relief first must exhaust his state court remedies before presenting his constitutional claims to the federal courts. 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the state supreme court. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

Petitioner has attached to his motions an order issued by the Nevada Supreme Court on July 31, 2017. ECF Nos. 4/5, p. 11. However, that order indicates that petitioner's appeal was dismissed for lack of jurisdiction due to the untimely filing of his notice of appeal. This is insufficient to demonstrate that he has satisfied the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir.1994).

Moreover, it also appears as if petitioner's claim is premised primarily on state law. A federal writ of habeas corpus is not available with respect to claims based solely on alleged errors in the interpretation or application of state law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Where a state arbitrarily deprives a prisoner of a state created liberty interest, the prisoner may state a cognizable claim for federal habeas relief under the Due Process Clause. *See*, *e.g.*, *Wolf v. McDonnell*, 418 U.S. 539, 571–72 (1974) (holding that a state-created right to good-time credits, which could be forfeited only for serious misbehavior,

constituted a liberty interest protected by the Due Process Clause).  However, petitioner needs to show that the state acted in an arbitrary manner, not merely that it reached the wrong result as a matter of state law.  *See Wolff*, 418 U.S. at 558 ("The touchstone of due process is protection of the individual against arbitrary action of government.").  Petitioner falls well short of making the necessary showing.

**IT IS THEREFORE ORDERED** that petitioner's motions for a temporary restraining order and a preliminary injunction (ECF Nos. 4/5) are DENIED.

**IT IS FURTHER ORDERED** that this action shall remain CLOSED.  To the extent petitioner wishes to further pursue habeas relief, he must file a NEW action with either the $5.00 filing fee or a completed application to proceed *in forma pauperis* on the proper form with both an inmate account statement for the past six months and a properly executed financial certificate.

Dated August 10, 2017.

_____
UNITED STATES DISTRICT JUDGE